# *The Law Office of James C. Kelly*

*244 5th Avenue, Suite K-278*
*New York, New York 10001*



RECEIVED
JUL 16 2015
CHAMBERS OF
JUDGE MARRERO

*Phone: (212) 920 5042*
*Fax: (888) 224 2078*
*www.jckellylaw.com*
*jkelly@jckellylaw.com*

July 16, 2015

**By Hand**

Judge Victor Marrero
United States Courthouse
500 Pearl Street, Suite 660
New York, NY 10007



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/16/15

Re: *Albert, et al. vs. Blue Diamond Growers et al.*, 15-cv-04087 (VM)(RLE)
    *Albert, et al. vs. WWF Operating Company*, 15-cv-04870 (VM)(RLE)

Dear Judge Marrero:

I am counsel for plaintiffs in the above-referenced consolidated class actions and request, pursuant to Your Honor's rules, a pre-motion conference as plaintiffs need to file a motion requesting a preliminary injunction against both defendants in these actions.

The above-referenced actions seek damages on behalf of plaintiffs and a proposed class of consumers that purchased almond milk labeled products pursuant to false and misleading representations from defendants that said products were primarily made from almonds and contained health benefits as a result of the almond content contained therein. Plaintiffs allege violations of state consumer protection laws and unjust enrichment. The actions also seek injunctive relief prohibiting defendants from continuing to lead consumers to believe that their almond milk labeled products are primarily made from almonds when in fact the product only contains 2% of almonds and is really made from low cost thickening agents. *See Ackerman v. Coca-Cola Co.*, 2013 U.S. Dist. LEXIS 184232, *56-58, 2013 WL 7044866 (E.D.N.Y. July 17, 2013) (collecting cases on the proposition that even though the named plaintiff may not suffer injury in the future because he or she already knows of the deceptive practice, the named plaintiff still has standing to seek injunctive relief seeking a change to the deceptive practices because to hold otherwise would allow for unsuspecting consumers to continue to be damaged).

The Honorable Victor Marrero
Page 2
July 16, 2015

Rule 65 of the Federal Rules of Civil Procedure provides for the issuance of a preliminary injunction. In order to justify an injunction, a plaintiff must make a showing of irreparable harm and either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits and a balance of hardships decidedly tipping in his favor. *Chevron Corp. v. Donziger*, 768 F. Supp. 2d 581, 626 (S.D.N.Y. 2011); *Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.*, 596 F.2d 70, 72 (2d Cir. 1979) (*per curiam*); *Red Earth LLC v. United States*, 657 F.3d 138, 143 (2d Cir. 2011). Courts also consider whether the public interest weighs in favor of granting an injunction. In making this determination, a district court has broad discretion. *See Grand River Enter. Six Nations, Ltd. V. Pryor*, 481 F3d. 60, 66 (2d Cir. 2007) (district courts have "wide discretion in determining whether to issue a preliminary injunction.").

Plaintiffs have a likelihood of success on their consumer fraud and unjust enrichment claims as defendants' labeling on its almond milk labeled products and information in the marketplace, including defendants' websites, clearly lead a reasonable consumer to believe that their almond milk labeled products are primarily made from almonds.

Further, plaintiffs will show irreparable harm as consumers are continuing to be misled as to the almond content in defendants' products, and most of said consumers will never be compensated for their injury because they will not be identified as their purchases are made from various grocery stores and are not traceable back to them such that they can be contacted. Moreover, consumers are unknowingly drinking massive quantities of potentially harmful ingredients. Accordingly, the public interest weighs in favor of granting an injunction.

In their motion, plaintiffs will request an order requiring defendants to remove any references to almonds, in writing or through images, anywhere on their almond milk based products or disclose on the packaging that the product contains 2% of almonds. Plaintiffs will also request that Blue Diamond Growers be ordered to remove all claims on the packaging and its website stating that its almond milk labeled products are made "from" real almonds or change the statement to being made "with" almonds. Further, plaintiffs will request that defendants remove all health claims on their products and websites attributable to their almond milk labeled products presumably because it contains a significant amount of almonds. Said actions will take no more than a few hours of work requiring no bond or a nominal bond.

Pursuant to Your Honor's rules, plaintiffs have notified defendants by letter on July 3, 2015, notifying them of plaintiffs' intention to file a motion for preliminary injunction and the reasons therefor.

In connection with their motion for a preliminary injunction, plaintiffs will also request that the Court conditionally certify a subclass of California consumers and a subclass of New York consumers for the limited purpose of obtaining the preliminary injunction. *See Meyer v. Portfolio Recovery Associates, LLC*, 696 F.3d 943 (9th Cir. 2012) (affirming the district court's conditional certification of a class for the limited purposes of obtaining a preliminary injunction). The claims that plaintiffs seek certification for in the California subclass are claims under the California Unfair Competition Law, CAL. BUS. & PROF. CODE §§ 17200-17210, the California False Advertising Law, CAL. BUS. & PROF. CODE § 17500-17509, the California

The Honorable Victor Marrero
Page 2
July 16, 2015

Consumers Legal Remedies Act, CAL. CIV. CODE § 1770(a), and unjust enrichment. For the New York subclass, plaintiffs seeks certification of claims under New York General Business Law § 349, New York General Business Law § 350, and unjust enrichment.

    Thank you for your attention herein.

                                            Respectfully Submitted

                                            James C. Kelly, Esq. (JK-9616)
                                            **The Law Office Of James C. Kelly**
                                            244 5th Avenue, Suit K-278
                                            New York, New York 10001
                                            Tel: 212-920-5042
                                            Fax: 888-224-2068
                                            Email: jkelly@jckellylaw.com

                                            *Counsel for Plaintiffs*

cc:
Angela Agressa (by email)
Wendy S. Dowse (by email)
Alexandra Davidson (by email)
Joshua L. Solomon (by email)

---

Defendants are directed to respond by 7-22-15. by letter not to exceed three (3) pages, to the matter set forth above by plaintiffs.

**SO ORDERED.**

7-16-15
DATE                 VICTOR MARRERO, U.S.D.J.