UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
TRACY ALBERT, et al.,          :
                               :
                Plaintiffs,    :        15 Civ. 4087 (VM)
   - against -                 :
                               :        **DECISION AND ORDER**
BLUE DIAMOND GROWERS, et al.,  :
                               :
                Defendants.    :
------------------------------------X

**VICTOR MARRERO, United States District Judge.**

Before this Court are two consumer class actions filed by plaintiffs asserting claims against two almond milk manufacturers. In the first of them, plaintiffs Tracy Albert, Dimitrios Malaxianis, and Tatyana Oshkina brought suit, on behalf of themselves and all others similarly situated (collectively, "Blue Diamond Plaintiffs"), against Blue Diamond Growers ("Blue Diamond"). In the second action, plaintiffs Tracy Albert, Tatyana Oshkina, and Dolores Larrabee brought suit, on behalf of themselves and all others similarly situated (collectively, "WhiteWave Plaintiffs"), against WWF Operating Company ("WhiteWave"). The Court consolidated the two actions for all pretrial purposes. (Dkt. No. 11.)

Following the filing of the complaints in the respective actions, by letter dated July 16, 2015, the Blue Diamond Plaintiffs and WhiteWave Plaintiffs (collectively, the "Plaintiffs") requested a pre-motion conference to discuss

their filing a motion for a preliminary injunction. (Dkt. No. 16.) WhiteWave and Blue Diamond (collectively, the "Defendants") responded separately by letters dated July 22, 2015. (Dkt. Nos. 26, 27.)

After reviewing this correspondence, the Court held a pre-motion conference by telephone on August 12, 2015. On that occasion, the Court informed the parties that it was not persuaded that a preliminary injunction or conditional class certification was appropriate at that time. The Court instructed Defendants to indicate to Plaintiffs any pleading deficiencies they believed Plaintiffs should address and granted Plaintiffs leave to amend their complaints.

In response to the Court's direction, the Blue Diamond Plaintiffs filed a Second Amended Complaint ("Second Am. Compl.") against Blue Diamond (Dkt. No. 38), and the WhiteWave Plaintiffs filed an Amended Complaint ("Am. Compl.") against WhiteWave (Dkt. No. 39). As amended, both submissions allege violations of New York General Business Law § 349 ("GBL § 349") on behalf of a putative New York class and California's Business and Professions Code § 17200, et seq. ("Unfair Competition Law" or "UCL") on behalf of a putative California class.[1] (Dkt. Nos. 38, 39.) Among other relief,

---

[1] The Plaintiffs also asserted an unjust enrichment cause of action in the both the Second Amended Complaint and Amended Complaint. (Dkt. Nos.

2

Plaintiffs seek to enjoin Defendants from continuing to misrepresent their almond milk labeled products.

In accordance with the Court's Individual Practices, the Defendants and Plaintiffs exchanged letters in which the Defendants described aspects of the Second Amended Complaint and Amended Complaint that they believe are deficient and outlined grounds upon which they contemplated filing motions to dismiss. (Dkt. Nos. 40, 41, 42.) Upon reviewing this correspondence, the Court held a pre-motion conference by telephone with the Parties on October 7, 2015.

The Court now construes the correspondence described above as a motion by Defendants to dismiss both amended complaints ("Motion") on the following grounds: (1) lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure ("Rule 12(b)(1)") because the Plaintiffs lack standing to seek injunctive relief; (2) failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)"); and (3) Plaintiffs' request for damages under the UCL is barred as a matter of law.

---

38, 39.) However, in subsequent correspondence, the Plaintiffs have agreed to withdraw their unjust enrichment claims. (Dkt. No. 42.)

3

## I.     FACTUAL BACKGROUND[2]

The Blue Diamond Plaintiffs are consumers in New York and California who purchased Blue Diamond's Almond Breeze almond milk labeled products for personal consumption during various periods of time spanning from January 2012 to June 2015. The WhiteWave Plaintiffs are consumers in New York and California who purchased WhiteWave's Silk almond milk labeled products for personal consumption during various periods of time spanning from August 2011 to August 2015.

The Blue Diamond Plaintiffs allege that from January 1, 2009, up to and including the present ("Blue Diamond Class Period"), Blue Diamond purposefully misrepresented that its almond milk labeled products, namely Almond Breeze almond milk, are heart healthy and contain a significant amount of almonds, when they actually contain only two percent of almonds. Specifically, the Blue Diamond Plaintiffs claim that Blue Diamond made the following misrepresentations that would be likely to mislead a reasonable consumer: (1) the number of almonds pictured on the Almond Breeze packaging; (2) the

---

[2] The factual background below, except as otherwise noted, derives from the two amended complaints and the facts pleaded therein, which the Court accepts as true for the purposes of ruling on a motion to dismiss. See Spool v. World Child Int'l Adoption Agency, 520 F.3d 178, 180 (2d Cir. 2008) (citing GICC Capital Corp. v. Tech. Fin. Grp., Inc., 67 F.3d 463, 465 (2d Cir. 1995)); see also Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002). Except where specifically quoted, no further citation will be made to the two amended complaints or the documents referred to therein.

4

packaging indicates that Almond Breeze is certified by the American Heart Association as a "heart healthy food;" (3) Almond Breeze is described on the packaging and/or on Blue Diamond's website as almond milk made from real almonds; and (4) Almond Breeze's Facebook page indicates that it contains more almonds than it actually does.

Similarly, the WhiteWave Plaintiffs claim that from January 1, 2010, up to and including the present ("WhiteWave Class Period"), WhiteWave purposefully misrepresented that its almond milk labeled products, namely Silk almond milk, are hearty healthy and contain a significant amount of almonds, when they actually contain only two percent of almonds. Specifically, the WhiteWave Plaintiffs claim that WhiteWave made the following misrepresentations that would be likely to mislead a reasonable consumer: (1) the heart symbols pictured on Silk's packaging; (2) the number of almonds pictured on Silk's packaging; (3) the packaging describing Silk as almond milk made from real almonds; and (4) health claims made on WhiteWave's website regarding Silk.

In the Second Amended Complaint and Amended Complaint, Plaintiffs assert two remaining causes of action and seek declaratory relief, injunctive relief, restitution, disgorgement of Defendants' revenues, compensatory damages, and punitive damages. Plaintiffs also seek attorneys' fees

5

and costs, and any such other and further relief the Court may deem appropriate.

## II. STANDARD OF REVIEW

### A. RULE 12(b)(1) MOTION TO DISMISS

The inquiry on a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) concerns whether the district court has the statutory or constitutional power to adjudicate the case. See Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." Id.; see also Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 507 (2d Cir. 1994). "[J]urisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." Shipping Fin. Servs. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998) (citing Norton v. Larney, 266 U.S. 511, 515 (1925)). The preliminary showing that must be made by the plaintiff, however, is not meant to be overly burdensome, "allowing for subject matter jurisdiction so long as 'the federal claim is colorable.'" Cromer Fin. v. Berger, 137 F. Supp. 2d 452, 467 (S.D.N.Y. 2001) (quoting Savoie v. Merchants Bank, 84 F.3d 52, 57 (2d Cir. 1996)).

6

## B.     RULE 12(b)(6) MOTION TO DISMISS

"To survive a motion to dismiss [pursuant to Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. A court should not dismiss a complaint for failure to state a claim if the factual allegations sufficiently "raise a right to relief above the speculative level[.]" Twombly, 550 U.S. at 555. The task of the court in ruling on a motion to dismiss is to "assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." In re Initial Pub. Offering Sec. Litig., 383 F. Supp. 2d 566, 574 (S.D.N.Y. 2005) (internal quotation marks omitted). The court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. See Chambers, 282 F.3d at 152 (citing Gregory v. Daly, 243 F.3d 687, 691 (2d Cir. 2001)).

## III. DISCUSSION

The Court will first consider Defendants' motion to dismiss asserting lack of standing pursuant to Rule 12(b)(1) because it raises a jurisdictional challenge. See Spiro v. Healthport Technologies, LLC, 73 F. Supp. 3d 259, 266 (S.D.N.Y. 2014) ("Because it is jurisdictional, the Court first considers defendants' argument that plaintiffs lack standing."); see also Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n, 896 F.2d 674, 678 (2d Cir. 1990) ("Where, as here, the defendant moves for dismissal under Rule 12(b)(1), Fed. R. Civ. P., as well as on other grounds, 'the court should consider the Rule 12(b)(1) challenge first since if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined.'").

### A. PLAINTIFFS' STANDING TO SEEK INJUNCTIVE RELIEF

#### 1. Legal Standard

To establish standing in federal court, a party must meet the minimum requirements imposed by Article III of the Constitution by alleging an actual case or controversy. See City of Los Angeles v. Lyons, 461 U.S. 95, 101 (1983). Specifically, "a plaintiff must demonstrate that (1) he or she has suffered an injury; (2) the injury is traceable to the defendants' conduct; and (3) a federal court decision is

8

likely to redress the injury." Deshawn E. by Charlotte E. v. Safir, 156 F.3d 340, 344 (2d Cir. 1998). A plaintiff must demonstrate standing for each claim and form of relief sought. See Spiro, 73 F. Supp. 3d at 270. To satisfy the injury requirement when seeking injunctive relief, a plaintiff cannot rely on a past injury alone because "'[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects.'" Lyons, 461 U.S. at 102 (citing O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974)). Rather, the plaintiff "must show a likelihood that he . . . will be injured in the future." Shain v. Ellison, 356 F.3d 211, 215 (2d Cir. 2004) (internal quotation marks omitted); see also Deshawn E. by Charlotte E., 156 F.3d at 344 ("A plaintiff seeking injunctive or declaratory relief cannot rely on past injury to satisfy the injury requirement but must show a likelihood that he or she will be injured in the future.").

There is no exception to demonstrating future injury when the plaintiff is pursuing a class action. See Simon v. E. Kentucky Welfare Rights Org., 426 U.S. 26, 40 n.20 (1976) ("That a suit may be a class action, however, adds nothing to the question of standing, for even named plaintiffs who represent a class must allege and show that they personally

have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.") (internal quotation marks omitted). Therefore, the named plaintiffs must have standing in order to seek injunctive relief on behalf of the class. See Dodge v. Cnty. of Orange, 103 F. App'x 688, 690 (2d Cir. 2004) ("[T]he named plaintiffs in this action must themselves have standing to seek injunctive relief."); see also Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C., 433 F.3d 181, 199 (2d Cir. 2005).

### 2. Application

Plaintiffs have not alleged that they will purchase Blue Diamond almond milk labeled products or WhiteWave almond milk labeled products in the future. The Blue Diamond Plaintiffs' Second Amended Complaint states that Tracy Albert purchased Almond Breeze through May 2015, Dimitrios Malaxianis through May 2015, and Tatyana Oshkina through June 2015. The WhiteWave Plaintiffs' Amended Complaint states that Tracy Albert purchased Silk through May 2015, Tatyana Oshkina through June 2015, and Dolores Larrabee through August 2015. Neither complaint indicates that the named Plaintiffs are still purchasing or will purchase Blue Diamond or WhiteWave almond milk products in the future. Rather, in a letter dated September 11, 2015 ("Blue Diamond Plaintiffs' Letter"), the

10

Blue Diamond Plaintiffs stated, on behalf of the WhiteWave Plaintiffs as well, that they "*have* suffered the exact same injury that unsuspecting consumers and proposed class members *are now* suffering." (Dkt. No. 42) (emphasis added). Since Plaintiffs have not alleged any future injury, they do not have standing to seek injunctive relief on behalf of themselves or a class. See Dodge, 103 F. App'x at 690; Shain, 356 F.3d at 215.

In the Blue Diamond Plaintiffs' Letter, the Blue Diamond Plaintiffs, on behalf of the WhiteWave Plaintiffs as well, argue that they have standing to seek injunctive relief based on one case from the Eastern District of New York. See Ackerman v. Coca-Cola Co., No. 09-CV-395 DLI RML, 2013 WL 7044866 (E.D.N.Y. July 18, 2013). (Dkt. No. 42.) In Ackerman, the court recognized that Supreme Court precedent requires that a plaintiff seeking injunctive relief must show that he or she is likely to suffer future injury. See id. at *15 n.23. However, the court went on to note that courts have "consistently held that plaintiffs have standing to seek injunctive relief based on the allegation that a product's labeling or marketing is misleading to a reasonable consumer. To hold otherwise would 'effectively bar any consumer who

11

avoids the offending product from seeking injunctive relief.'" Id.[3]

Although Ackerman and other cases from the Eastern District of New York may suggest that future injury is not required in the consumer protection context,[4] this Court declines to follow these cases because binding Supreme Court and Second Circuit precedent dictates otherwise. For a plaintiff to have individual standing to seek injunctive relief, he or she must demonstrate a likelihood of future injury. See Lyons, 461 U.S. at 102; Shain, 356 F.3d at 215.

---

[3] The court in Ackerman cited non-binding case law from California and one case from the Southern District of New York, Gelb v. Am. Tel. & Tel. Co., 150 F.R.D. 76 (S.D.N.Y. 1993). In Gelb, the court stated in a footnote that "[t]he fact that Plaintiff is now an 'inactive' cardholder does not strip him of standing to sue nor does he fail to fulfill the 'typicality' or 'adequacy' requirements of Rule 23(a) for this reason. Clearly, Plaintiff alleges that he was defrauded by defendants and that the fraudulent practices were ongoing at the time the Complaint was filed." 150 F.R.D. at 77 n.3. The court provides little factual background or discussion on the issue of standing and cites only to the analysis in Robidoux v. Celani, 987 F.2d 931, 936-37 (2d Cir. 1993), of the class certification requirements of Rule 23 of the Federal Rules of Civil Procedure. Given the limited analysis, this Court is not persuaded by the finding in Gelb.

[4] See, e.g., Belfiore v. Procter & Gamble Co., No. 14-CV-4090, 2015 WL 1402313, at *3 (E.D.N.Y. Mar. 25, 2015); Delgado v. Ocwen Loan Servicing, LLC, No. 13-CV-4427 NGG RML, 2014 WL 4773991, at *14 (E.D.N.Y. Sept. 24, 2014). However, this approach is not well-settled in the Eastern District of New York. See, e.g., Elkind v. Revlon Consumer Products Corp., No. 14-CV-2484 JS AKT, 2015 WL 2344134, at *3 n.2 (E.D.N.Y. May 14, 2015) ("Plaintiffs point to and the Court is aware of a number of cases that suggest that the requirement of a future or continuing injury is not applicable in those cases where injunctive relief is sought in the consumer context. Because Lyons, remains binding precedent, however, the Court remains bound by its holding.") (internal citations omitted); Nicosia v. Amazon.com, Inc., 84 F. Supp. 3d 142, 157 n.10 (E.D.N.Y. 2015) ("Several courts have declined to follow Lyons in consumer protection cases. [citing Delgado and Ackerman as examples] . . . This Court declines to follow these cases because Lyons remains binding precedent.").

Furthermore, to seek injunctive relief on behalf of a class, the named plaintiffs must themselves have standing. See Simon, 426 U.S. at 40 n.20; Dodge, 103 F. App'x at 690. In the instant action, Plaintiffs do not have standing to seek injunctive relief because they have not alleged that they will purchase Defendants' almond milk labeled products in the future. Because they do not have individual standing, they also do not have standing on behalf of putative New York and California classes.

Accordingly, this Court dismisses he Plaintiffs' request for injunctive relief for lack of subject matter jurisdiction under Rule 12(b)(1).

### B. ADEQUACY OF PLAINTIFFS' CLAIMS UNDER GBL § 349 AND UCL

Defendants also move to dismiss the Second Amended Complaint and Amended Complaint pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. By letter dated September 4, 2015 ("Blue Diamond Letter"), Blue Diamond argues that the Blue Diamond Plaintiffs (1) have failed to demonstrate a materially misleading statement or one that is likely to mislead a reasonable consumer under the relevant standards of GBL § 349 and the UCL and (2) have failed to plead injury sufficiently under GBL § 349. (Dkt. No. 41.) By letter dated September 4, 2015 ("WhiteWave Letter"), WhiteWave contends that the WhiteWave Plaintiffs

13

(1) have failed to demonstrate a materially misleading statement or one that is likely to mislead a reasonable consumer under the relevant standards of GBL § 349 and the UCL; (2) have failed to allege that they relied on the purportedly misleading statements under the UCL; and (3) cannot state a claim under the UCL based on information available in the marketplace. (Dkt. No. 40.) Upon reviewing the correspondence, the Court finds that Plaintiffs have sufficiently alleged causes of action against Defendants under GBL § 349 and the UCL.

### C. PLAINTIFFS' ABILITY TO RECOVER DAMAGES UNDER THE UCL

In the Blue Diamond Letter, Blue Diamond claims that the Blue Diamond Plaintiffs are not entitled to damages under the UCL because the UCL permits plaintiffs to seek only restitution and injunctive relief. (Dkt. No. 41.) Because it is not necessary to resolve at this stage of the litigation whether Plaintiffs can seek damages under the UCL in a class action context, the Court need not address this issue.

### IV. ORDER

For the reasons stated above, it is hereby

**ORDERED** that the Motion (Dkt. No. 41) of Defendant Blue Diamond Growers ("Blue Diamond") to dismiss the Second Amended Complaint (Dkt. No. 38) of Plaintiffs Tracy Albert, Dimitrios Malaxianis, and Tatyana Oshkina, on behalf of

themselves and all others similarly situated (collectively, "Blue Diamond Plaintiffs"), is **GRANTED** in part and **DENIED** in part; and it is further

**ORDERED** that the Motion (Dkt. No. 40) of Defendant WWF Operating Company ("WhiteWave") to dismiss the Amended Complaint (Dkt. No. 39) of Plaintiffs Tracy Albert, Tatyana Oshkina, and Dolores Larrabee, on behalf of themselves and all others similarly situated (collectively, "WhiteWave Plaintiffs"), is **GRANTED** in part and **DENIED** in part.

**SO ORDERED.**

Dated: New York, New York
       21 October 2015

_____
VICTOR MARRERO
U.S.D.J.